501 Ave. R. Corp., Landlord, Appellant, *v.* Tessie Becker, Tenant, Respondent, et al., Undertenants.

Supreme Court, Appellate Term, Second Department, February 7, 1946.

*Abraham Moskowitz* for appellant.

*Louis M. Brass* for respondent.

MEMORANDUM *Per Curiam.* One of the purposes of the rent regulation is to protect a tenant who occupies premises " as his own dwelling." It is not intended to protect tenants who have by rental agreement yielded up their place to others, espe-

cially a tenant who gets from the occupant more than the landlord could legally charge the tenant. (Rent Regulation for Housing in New York City Defense-Rental Area, § 6, subd. [a], par. [4].) Any consent that might have been given was revoked by the landlord's letter of September 18, 1945. That letter demanded forthwith compliance with the lease. It waived no right of the landlord. The claimed consent was for " a little while " or " a few months ". It would not carry in any event beyond the term of the lease. It was revocable at will. A finding that the persons occupying subsequent to the expiration of the term were there without a rental agreement is against the weight of the evidence. It was necessary for the tenant to hire an attorney to get the " friend " to leave. The lock had been changed. In addition, the tenant did not deny that she had admitted to the landlord's attorney that she was collecting $70 per month for an apartment for which the landlord could legally ask but $48. The regulation controls the landlord. It must govern the tenant also.

The final order should be unanimously reversed on the law and facts and new trial granted, with $30 costs to the landlord to abide the event.

MacCrate, Smith and Steinbrink, JJ., concur.

Order reversed, etc.